LA O, PLAINTIFF AND APPELLEE, v. RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Injunction.

No. 2239.—Decided June 21, 1920.

INJUNCTION—POSSESSION—SURVEY.—The fact that the owner of a rural property does not object to the survey of a property which adjoins his own does not deprive him of his right to an injunction as provided for in the Act of March 13, 1913, for the purpose of recovering any portion of land of which he may have been dispossessed without his consent as a result of the survey, for the survey does not give or take away any rights and leaves intact the questions of possession and ownership, its sole object being to define and fix the boundaries of the properties, to avoid the confusion or disappearance of the former landmarks and to prevent actions which might arise from such confusion.

The facts are stated in the opinion.

*Mr. R. Sánchez Montalvo* for the appellant.

*Mr. J. F. Fernández Coronas* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This was an action brought in the District Court of Ponce under Act No. 43 of March 13, 1913, by Bernarda La O against José Rodríguez to recover the possession of a certain parcel of land described in the complaint. It was alleged that the plaintiff is the owner of 11.25 acres of land in the ward of Guaraguao of the municipal district of Ponce and bounded on the north by lands of defendant José Rodríguez; that personally and assisted by persons acting under his orders Rodríguez had destroyed landmarks and boundaries, entered upon her land and fraudulently and forcibly dispossessed her of about a half an acre on the north side adjoining the property of Rodríguez, also appropriat-

ing the coffee growing thereon estimated at 150 pounds and valued at $15, the said acts having been committed between September 28 and October 4, 1917.

In his answer the defendant denied the material allegations of the complaint and pleaded that in the month of August, 1917, he caused a plan and survey of a property of forty acres belonging to him to be made after summoning all of the adjoining owners, including the plaintiff; that the surveyor and his men set up stakes on the dividing line of the surveyed property within sight of and without objection by the adjoining owners, after which, regarding himself as the owner of all the land staked off by the surveyor, he began to harvest the coffee and other crops growing on that land.

The case went to trial and the court rendered judgment on December 4, 1917, sustaining the complaint with the costs against the defendant, and in the opinion upon which the said judgment is based the court finds that it was particularly shown that within the four months preceding the filing of the complaint and by reason of an official survey, Bernarda La O was deprived by the defendant of the possession of the strip of land containing about half an acre claimed by her by fraudulent acts, or acts against the wish and protests of the plaintiff at the time of the survey and appropriation of the land belonging to her.

The defendant appealed from that judgment and alleges that the court erred in applying Act No. 43 of March 13, 1913, to a case like this, in which the defendant took possession of the land in question with the knowledge and consent of the plaintiff.

The real theory of the appeal is that the court erred in finding from the evidence that the defendant took possession of the strip of land in question against the will of the plaintiff.

We have examined the evidence introduced at the trial by both parties and it does not show that the error was committed.

There is no doubt that the plaintiff was in possession of the parcel of land described in the complaint, for the defendant admitted at the trial that the plaintiff had possession until the survey of his property of forty acres was made after summoning the adjoining owners.

We also feel inclined to agree that said survey was made without any open or decided opposition on the part of the plaintiff.

What has not been proved is that the plaintiff agreed to grant to the defendant the parcel of land held by her up to that time and then included within the land surveyed. That consent was not a necessary result of the acquiescence in the survey, although perhaps the defendant may think it was. As held by the Supreme Court of Spain in its judgment of July 3, 1884, a survey does not give or take away any rights, but leaves intact the questions of possession and ownership and only serves for the purpose for which it was intended, that is, to define and fix the boundaries of the properties, to avoid the confusion or disappearance of the ancient landmarks and to prevent suits which might arise from such confusion. 6 Manresa, Law of Civil Procedure, Third Edition, page 515.

However, the plaintiff denies that she agreed to give up the land and although that denial may contradict the testimony of the defendant's witnesses, which does not clearly appear, the court adjusted the conflict in favor of the plaintiff and we find no good ground for disturbing its decision.

Act No. 43 of March 13, 1913, which governs the present case and was construed in the case of *Mattei* v. *Badillo,* 21 P. R. R. 159, has been properly applied.

The judgment appealed from should be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.